## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| AUTO CLUB FAMILY INSURANCE CO. | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:07CV1047-HSO-JMR |
| | § | |
| WAYNE JONES | § | DEFENDANT |

### ORDER AND REASONS GRANTING DEFENDANT/COUNTER CLAIMANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is the Motion for Judgment on the Pleadings [4-1] pursuant to FED. R. CIV. P. 12 (c), filed by Defendant/Counter Claimant Wayne Jones ["Jones"], together with the Response [8-1] filed by Auto Club Family Insurance Company ["Auto Club"], and Jones's Reply [10-1]. After careful consideration of the submissions and the relevant law, it is the Court's opinion that the instant Motion must be granted.

## I.    FACTS AND PROCEDURAL HISTORY

Auto Club issued a homeowners policy # PO-379-036-1 to Wayne Jones for coverage of his residence located at 3510 Loulu Place in Diamondhead, Mississippi. As a result of Hurricane Katrina Jones's property, including personal property and other structures, suffered extensive damage or was otherwise totally destroyed. Jones made application for full insurance benefits under the homeowners policy.

Auto Club filed a Complaint in this Court seeking declaratory relief on August 28, 2007 [1-1]. Jones filed an Answer claiming that damages to his home and contents, as the result of Hurricane Katrina, are covered under said policy. In

addition, Jones asserted Counterclaims for breach of contract and the intentional tort of bad faith.   The Counterclaim also seeks recovery of attorney's fees.

On November 1, 2007, Jones filed the instant Motion for Judgment on the Pleadings [4-1].   Auto Club filed its Response on November 21, 2007 [8-1], and Jones tendered a Rebuttal on November 26, 2007 [10-1].

## II. <u>DISCUSSION</u>

In filing this declaratory judgment action pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, Auto Club seeks the Court's determination of "what damages alleged by the defendant are subsumed into the damages obtained from the federal flood program, and to what extent plaintiff is entitled to a credit for the amounts received by defendant from the federal flood program under the policy of federal flood insurance."  Compl. ¶ 7, at p. 2.

Jones's Counterclaim asserts that Auto Club "breached the terms and provisions in the subject contract by failing to pay the full insurance proceeds due and owing."  Answer and Counterclaim ¶ 10, at p. 6.    In addition, Jones maintains that Auto Club "intentionally and maliciously breached the duty of fair dealing and good faith owed to the Plaintiff under the subject policy of insurance. Moreover, Auto Club has willfully, intentionally and in bad faith failed and refused, without any legitimate and arguable bases, to pay the policy/contract sums to the Plaintiffs." Answer and Counterclaim ¶ 14, at p. 7.

Jones moves for Judgment on the grounds that, in the aftermath of Hurricane Katrina, this Court has on numerous occasions examined, discussed and

determined the nature and extent of the interrelationship between payments
allegedly owed an insured pursuant to a wind policy and payments received by an
insured under a National Flood Insurance Policy for damages attributable to flood.

It is well-settled that Jones "by accepting benefits under [his] flood policy did
not elect a remedy that precludes recovery of benefits under his homeowners
policy." *Thornhill v. State Farm Fire and Cas. Co.,* 2007 WL 1459437, *2 (S.D.Miss.
May 16, 2007).

> Indeed, the entire concept of election of remedies has nothing to do
> with the collection of insurance benefits under policies that cover
> different perils where there are allegations that both perils contributed
> to the damage to the insured property. Requiring an insured to elect
> whether to seek policy benefits under only one of two policies both of
> which the insured contends to cover perils that contributed to the loss
> would be a Hobson's choice of the highest order. The insured has paid
> separate premiums for coverage from different perils, and where the
> evidence establishes that both of these different perils have caused
> damage to the insured property, the insured is entitled to look to all of
> the coverages for which he has paid for compensation.

*Id.* at *2; *see also Pepper v. State Farm Fire and Cas. Co.,* 2007 WL 1518078
(S.D.Miss. May 21, 2007); *Mills v. State Farm Fire and Cas. Co.,* 2007 WL 1514021
(S.D.Miss. May 21, 2007); *Tully v. State Farm Fire and Cas. Co.,* 2007 WL 1459401
(S.D.Miss. May 16, 2007); *Palmer v. State Farm Fire and Cas. Co.,* 2007 WL
1459391 (S.D.Miss. May 16, 2007); *Smith v. State Farm Fire and Cas. Co.,* 2007 WL
1459379 (S.D.Miss. May 16, 2007).

Auto Club states in its briefs that it is not advancing an election of remedies
argument, but rather seeks to clarify the extent of any liability to which it may be
exposed in light of flood payments Jones has already received.  The question
presented is more in the nature of determining whether Auto Club may be entitled
to a set-off or credit for sums previously received by Jones.

The total value of the insured property sets an upper limit on the
amount of insurance a policyholder may collect. The limits of coverage
also set an upper limit on the amount a policyholder may collect.
Assuming a total loss from a covered cause is established, the
policyholder would recover the lower of these two upper limits under
the policy in question. Within these limits, the insured may seek
recovery under all the policies covering the perils that contributed to
the loss.

If, as it appears, there was no question that the damage caused by
flooding during the storm was equal to or greater than the flood policy
limits, the payment of those limits would reduce the plaintiffs' total
losses.  But collection of those limits would not amount to a waiver of
benefits for wind damage under the plaintiffs' State Farm homeowners
policy.  So long as there are damages that may be established from a
peril covered under the homeowners policy, and so long as the insureds
have not been fully compensated for their total loss, there has been no
"election of remedies."

*Thornhill,* 2007 WL 1518078 at *2.

These issues are more properly resolved in the context of Jones's

Counterclaim for recovery under the homeowners policy, and Auto Club is certainly

entitled to raise these concerns as defenses to the Counterclaim.  In this context,

the Court views the maintenance of the declaratory judgment action to be

unnecessary.

Based on the foregoing, the Court finds that the instant Motion must be

granted and Jones's Counterclaim must proceed in order to determine whether any

additional amounts are due and owing under the homeowners policy.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for

Judgment on the Pleadings [4-1] pursuant to FED. R. CIV. P. 12 (c), filed by Jones

should be and is hereby **GRANTED**, and the Complaint for Declaratory Relief is

hereby **DISMISSED**.  The case will proceed on Jones's Counterclaim.

**SO ORDERED AND ADJUDGED**, this the 14th day of January. 2008.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE